**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

CHRIS APPLEWHITE 99-A-6852,

                                                    Plaintiff,                    DECISION & ORDER

                  -vs-

                                                                  08-CV-6045-CJS-MWP

CAPTAIN MICHEAL SHEAHAN, *et al.*,

                                                  Defendants.

---

CHRIS APPLEWHITE 99-A-6852,

                                                  Plaintiff,

                  -vs-                                            04-CV-6602-CJS-MWP

MICHAEL MCGINNIS, *Superintendent, et al.*,

                                                  Defendants.

---

      Plaintiff has sent correspondence to the Court dated November 23 and November 24, 2009, seeking either a temporary restraining order ("TRO") or preliminary injunction ("PI") against Sergeant L. Dick ("Dick") and Deputy Superintendent for Security Gary W. Richards ("Richards"). Plaintiff alleges, and encloses documents showing, that Dick recommended that Plaintiff be deprived of all paper as a result of continually threatening to cover his cell window with paper on November 19, 20, 21, 22 and 23, 2009. Richards approved of the recommendation and, on November 24, 2009, issued a memorandum to Plaintiff informing him that he was not in compliance with Directive 4913 — Inmate

Property Limits — and would have to divest himself of two draft bags of papers in order to come into compliance with that directive.

Neither Richards nor Dick is a party to either of Plaintiff's lawsuits pending in this Court. "A court must have *in personam* jurisdiction over a party before it can validly enter even an interlocutory injunction against him. 7 Moore's Federal Practice, A. 65.04(3); *see 601 West 26 Corp. v. Solitron Devices, Inc.*, 291 F.Supp. 882, 895 (S.D.N.Y. 1968), *aff'd*, 420 F.2d 293 (2d Cir. 1969)." *Visual Sciences, Inc. v. Integrated Communications Inc.*, 660 F.2d 56, 59 (2d Cir. 1981). Here, Plaintiff has not even alleged a *prima facie* showing of *in personam* jurisdiction over Richards or Dick, and even if he had done so, that alone would be inadequate for the Court to consider a request for injunctive relief. *Id*. Consequently, Plaintiff's letter applications dated November 23 and November 24, 2009, for a TRO or PI are denied for lack of *in personam* jurisdiction.

IT IS SO ORDERED.

Dated: December 1, 2009
 Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge