UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHRIS APPLEWHITE,

            Plaintiff,

                                            **DECISION AND ORDER**
     -vs-                                   **No. 6:08-CV-6045(MAT)**

CAPTAIN MICHAEL SHEAHAN, et al.,

            Defendants.

_____

I.    **Introduction**

On January 11, 2013, Defendants' motion for summary judgment
dismissing the pro se complaint filed by Plaintiff was granted in
part and denied in part. (Dkt #64) (Siragusa, D.J.). On February 5,
2013, Magistrate Judge Payson gave notice of a scheduling
conference pursuant to Federal Rule of Civil Procedure ("F.R.C.P.")
16 for April 9, 2013, at which Defendants' attorney appeared by
telephone. Plaintiff did not appear. (Dkt #73). The conference was
rescheduled for May 14, 2013, and Plaintiff was advised that his
failure to appear would result in the issuance of an Order to Show
Cause why the case should not be dismissed for failure to
prosecute. On May 14, 2013, Defendants' attorney appeared by
telephone, but Plaintiff did not appear. (Dkt #75).

On May 15, 2013, Magistrate Judge Payson directed Plaintiff to
show cause in writing why this case should not be dismissed,
pursuant to F.R.C.P. 41(b), based upon his failure to prosecute.
(Dkt #74). Plaintiff was advised that his failure to respond to the

Order to Show Cause by May 31, 2013, would result in the recommendation of dismissal of his complaint with prejudice pursuant to F.R.C.P. 41(b). (Id.). The deadline set forth in Magistrate Judge Payson's Order to Show Cause has passed, and Plaintiff has failed to respond to the Order or otherwise communicate with the Court.

On June 19, 2013, Magistrate Judge Payson issued a Report and Recommendation ("the R&R") (Dkt #77) recommending that Plaintiff's Complaint be dismissed, without prejudice, pursuant to F.R.C.P. 41(b). Also on June 19, 2013, this matter was transferred to the undersigned. (Dkt #76).

Plaintiff has not filed any objections to the R&R, and the time to do so has passed. For the reasons that follow, the R&R is adopted in part and rejected in part.

## II. Standard of Review

Where, as here, no objection is made to a report and recommendation, only "clear error" review is required. FED. R. CIV. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. After conducting the appropriate review, the district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. Discussion

Dismissal of a case for failure to prosecute is authorized by F.R.C.P. 41(b), which provides that the district court may dismiss an action when the plaintiff fails to comply with the Federal Rules of Civil Procedure or with any order issued by the court. FED. R. CIV. P. 41(b); see also Lucas v. Miles, 84 F.3d 532, 534–35 (2d Cir. 1996). Involuntary dismissal under F.R.C.P. 41(b) "is a harsh sanction and is appropriate only in extreme situations." Lucas, 84 F.3d at 535 (citing Alvarez v. Simmons Market Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988)). The Second Circuit has cautioned district courts to "be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a pro se litigant." Id. (citing Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)).

The Second Circuit has outlined the factors to be considered when determining whether a pro se litigant's case should be dismissed under F.R.C.P. 41(b), none of which is dispositive:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535 (citation omitted).

In examining the "delay" factor, courts consider whether the failures to prosecute were caused by plaintiff and whether they were of significant duration. <u>United States ex rel. Drake v. Norden Systems, Inc.</u>, 375 F.3d 248, 255 (2d Cir. 1994). Plaintiff's delinquency began over two months ago, on April 9, 2013, when he failed to appear for a scheduling conference, as to which he had received notice on February 5, 2013. Plaintiff's failures to prosecute have been solely attributable to his own neglect.

With regard to the "notice" factor, Plaintiff has been aware since April 9, 2013, that his continued absences from required court dates could result in dismissal of his lawsuit with prejudice. He was re-advised of this possibility in Magistrate Judge Payson's May 15, 2013 Order to Show Cause. There can be no question that Plaintiff has had adequate notice that his case could be dismissed due to his inaction. Because Plaintiff was repeatedly put on notice that his case could be dismissed due to his continued inaction, this factor strongly weighs in favor of dismissal. <u>See</u> <u>Lyell Theatre Corp. v. Loews Corp.</u>, 682 F.2d 37, 42-43 (2d Cir. 1982) (F.R.C.P. 41(b) dismissal upheld where plaintiff was warned by opposing counsel and the court that dismissal for failure to prosecute was possible).

With regard to prejudice, the Court finds it may be presumed here, since Plaintiff has continued to ignore the Court's orders even after being cautioned that he was risking final dismissal of

his case. Hicks v. Faerichs, No. 03-CV-141S, 2006 WL 211825, at *4 (W.D.N.Y. Jan. 25, 2006) (Arcara, D.J./Schroeder, M.J.) ("In Lyell Theatre, the court presumed prejudice where the plaintiff on numerous occasions failed to file documents as directed by the court. Id. at 39-40, 43. Similar to the present case, the plaintiff in Lyell Theatre continued to ignore the court's orders even after he had been warned that he was risking dismissal. Id. at 39. Under Lyell Theatre, the prejudice to Defendants in this case may be presumed."). Thus, this factor weighs in favor of dismissal. Id.

The fourth factor requires the district court to consider the balance between eliminating calendar congestion and the plaintiff's right to have his day in court. See Norden Systems, 375 F.3d at 257. Plaintiff's failure to comply with Magistrate Judge Payson's orders to appear certainly wasted of Magistrate Judge Payson's calendar time. In addition, Plaintiff's inaction has caused both Magistrate Judge Payson to prepare and file multiple scheduling orders and orders to show cause. See Smith v. Human Resources Admin. of New York City, No. 91 CIV. 2295(MGC), 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) ("Plaintiff's repeated last minute cancellations of scheduled appearances have wasted the time of counsel for defendants and the court."). This case has been pending for over five years, during which time the judges of this Court have expended many hours conducting discovery and disposing of motions. Plaintiff's abandonment of this action means that all of

this work has been for naught. As the Second Circuit has explained, "the authority to invoke [dismissal] for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." Lyell Theatre, 682 F.2d at 42.

It bears noting that Plaintiff has been provided numerous opportunities to comply with orders issued by the Court. His own failure to litigate this action is not a denial of due process. See Dodson v. Runyon, 957 F. Supp. 465, 470 (S.D.N.Y. 1997) (stating that "any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"); Hicks, 2006 WL 211825, at *4 (similar) (citing, inter alia, Feurtado v. City of N.Y., 225 F.R.D. 474, 480 (S.D.N.Y. 2004) (finding that repeated failure to comply with court orders diminishes a plaintiff's right to present his claims)). Accordingly, this factor also weighs in favor of dismissal.

Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. Upon reviewing the entire record in this case, it is this Court's opinion that Plaintiff has no intention of complying with any orders issued by the Court or properly litigating the case which he instituted. Plaintiff has repeatedly ignored court orders by failing to appear

-6-

and failing to file submissions as directed. This Court finds that any sanction short of dismissal would be ineffective. See Smith, 2000 WL 307367, at *3 ("[L]esser sanctions are not appropriate in this case. Court orders and direction have not prompted plaintiff to move her case forward."); Alevizopoulos and Assocs., Inc. v. Comcast Intern. Holdings, Inc., No. 99 Civ. 9311 SAS, 2000 WL 1677984, at *4 (S.D.N.Y. Nov. 8, 2000) (finding lesser sanctions inappropriate where plaintiff "repeatedly failed to abide by the Court's orders, even when the Court has granted him extensions and second chances"; noting that plaintiff's "failure to respond to this motion demonstrates that he has lost interest in this case") (citation omitted). Thus, this final factor also weighs in favor of dismissal.

After considering the required factors, this Court agrees with Magistrate Judge Payson that dismissal of this case is warranted under Rule 41(b) for Plaintiff's failure to prosecute, and adopts this portion of the R&R.

Although Magistrate Judge Payson indicated in her Order to Show Cause that she would recommend dismissal with prejudice if Plaintiff did not timely comply, she nevertheless subsequently recommended that the action be dismissed without prejudice. On this record, the Court sees no justification for imposing the lesser sanction of a dismissal without prejudice. Accordingly, the Court respectfully declines to adopt that portion of the R&R.

### III. Conclusion

For the foregoing reasons, the R&R (Dkt #77) is adopted in part and rejected in part. The Complaint (Dkt #1) is dismissed with prejudice pursuant to F.R.C.P. 41(b) due to Plaintiff's failure to prosecute. The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:    July 8, 2013
           Rochester, New York